

**ORDERED in the Southern District of Florida on January 24, 2012.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 11-39454-EPK |
| **QUANTUM HOLDINGS FUND, INC.,** | Chapter 7 |
| Debtor. | |
| _____/ | |

<u>**ORDER ON MOTION TO DISMISS/CLARIFICATION OF THE AUTOMATIC STAY**</u>

THIS MATTER came before the Court for hearing on January 19, 2012 upon the

*Motion to Dismiss or, in the Alternative, for Clarification of the Automatic Stay* [ECF No.

10] (the "Motion") filed by Legacy Bank of Florida (the "Bank"). For the reasons stated on

the record, and being otherwise fully advised in the premises, it is **ORDERED AND**

**ADJUDGED** that:

1.      The Motion [ECF No. 10] is DENIED to the extent it seeks dismissal of the

above-captioned case.

2.      Pursuant to the agreement reached by the parties at the hearing, and being

otherwise fully advised in the premises, it is further **ORDERED AND ADJUDGED** that:

a.      No later than January 27, 2012, the Bank shall file a proof of claim

(the "Proof of Claim") for the total amount it alleges is owed by the above-

captioned debtor (the "Debtor") pursuant to that certain Collateral

Assignment and Security Agreement annexed to the Motion as Exhibit "1"

(the "Collateral Assignment Agreement") and that certain Promissory Note

referred to as the Secured Note therein.

b.      No later than thirty (30) days after the Bank files the Proof of Claim,

the Debtor shall tender, directly to the Bank, payment for the full amount of

the Proof of Claim, plus all amounts due pursuant to any per diem provision

in the Proof of Claim as of the date payment is tendered.

c.      If the Debtor complies with paragraph 2(b) of this order, the Bank

shall release to the Debtor the Collateral[1] within fourteen (14) days of such

compliance.

d.      The bankruptcy estate in the above-captioned case shall have no

interest in any payments made, or collateral released pursuant to this order

and is deemed to have abandoned the same.

e.      If the Debtor fails to comply with paragraph 2(b) of this order, the

Bank may file an affidavit stating that such is the case, and the Court will

grant the Bank relief from the automatic stay imposed by 11 U.S.C. § 362 to

pursue *in rem* relief in the Foreclosure Actions referenced in the Motion.

                                        ###

---

[1] Unless otherwise specified, all capitalized terms shall have the meaning ascribed to them in the Collateral Assignment Agreement

Copies furnished to:

Daniel J. Barsky, Esq.

*Daniel J. Barsky, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service with the Court.*